NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ANDREW GRZYBEK, PETITIONER, v. RARITAN COPPER
WORKS, RESPONDENT.

For the petitioner, *William Herda Smith.*

For the respondent, *John E. Toolan.*

\*     \*     \*     \*     . \*     \*     \*

I do find and determine as follows:

*First.*—That Andrew Grzybek, petitioner, was on January 18th, 1927, in the employ of the respondent, Raritan Copper Works, as a driller in the sampling department of said company, which said employment was subject to section 11, chapter 95 of the laws of 1911, commonly known as the Workmen's Compensation act, and the supplements and amendments thereto.

*Second.*—That on the date aforesaid petitioner met with an accident arising out of and in the course of his employment. Said accident occurred as follows: Petitioner, while in the act of lifting a copper slab from an industrial truck or car disturbed other slabs which slipped down and fell against petitioner's left leg, causing a fracture of the lower third of the tibia.

\*     \*     \*     \*     \*     \*     \*

*Fifth.*—That petitioner was removed to the Perth Amboy City Hospital and attended by Dr. Martin S. Meinzer; that on January 25th, 1927, the petitioner died of *delirium tremens.*

*Sixth.*—It is a matter of common knowledge and the doctors both for the petitioner and the respondent testified that the fracture of the leg was not sufficient to cause death. It was the contention of the petitioner, however, that the fracture of the leg was the proximate cause of death because the resultant shock to petitioner's nervous system induced the *delirium tremens* from which death resulted.

*Seventh.*—The attending physician, Dr. Martin S. Meinzer, a witness produced by the petitioner, testified that the cause of death was *delirium tremens.* The only question before the court, therefore, was whether or not the fracture of the leg induced the *delirium tremens.* On this question the medical testimony, consisting of Dr. Martin S. Meinzer and Dr. Adrian F. Urbanski for the petitioner, and Dr. William E. Ramsay for the respondent, was in practical accord. All of the doctors testified that it was possible for a fracture of the leg to induce or precipitate *delirium tremens* in a confirmed alcoholic. The deceased was, according to the testimony of the doctors, an alcoholic subject. None of the doctors, however, could testify that the fracture of the leg in the instant case actually did precipitate or induce the *delirium tremens.* The doctors in fact testified that it would be impossible to say that petitioner would not have developed *delirium tremens* if there had been no accident.. In order to find for the petitioner the court would have to infer that the fracture sustained by the petitioner actually caused the *delirium tremens* from which petitioner died. The testimony of the doctors would not justify the court in drawing this inference. The burden of proof is on the petitioner. The case is entirely devoid of any proof which indicates that the reasonable and probable consequence of the fracture of the leg precipitated or induced the *delirium tremens.* The testimony of the doctors indicates that the fracture might possibly have been a contributing cause. This is not sufficient to justify a finding for the petitioner.

\*        \*        \*        \*        \*        \*        \*

HARRY J. GOAS,
*Deputy Commissioner.*